UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

NAGWA EDRIS,

                                        Plaintiff,

-against-                                                    **COMPLAINT AND JURY
                                                             DEMAND**


CITY OF NEW YORK, P.O. SAMANTHA
GUZMAN (SHIELD NO. 6452), SGT. AMPARO
HERNANDEZ, P.O. JOHN DOE, P.O. JANE ROE and
BRIAN HALL,

                                        Defendants.
-------------------------------------------------------------------X

## <u>PRELIMINARY STATEMENT</u>

This lawsuit addresses the systemic failure of the New York City Police Department

("NYPD") and the City of New York to protect the rights the Plaintiff, a Muslim, Arab woman

of Egyptian descent, and others who are similarly situated to be free from religious, racial,

ethnic and gender discrimination. While this systemic failure can manifest itself in various

ways, in this instance, here, it was manifested in the arrest of the Plaintiff without probable

cause and the callous deprivation of her right, as guaranteed, inter alia, by the First Amendment

of the United States Constitution, to practice her Muslim faith by wearing a head-covering

worn by Muslim women known as a hijab, without disruption or exposure of her uncovered

head to the general public. In particular, by forcing Plaintiff to remove her hijab publicly, the

individually-named NYPD defendants ("NYPD Officers") unlawfully targeted Plaintiff

because of her gender, as well as race, ethnicity and religion, humiliating her in the process.

By failing to properly investigate the objective fact that Plaintiff had valid and active

motor vehicle insurance at the time of her encounter with members of the New York, which

negated all probable cause for arrest, and by failing to honor her religious practice, the

NYPD Officers are personally liable to Plaintiff for violating her rights. By causing the

aforementioned systemic failure through its custom, practice and policy of encouraging, allowing and condoning such violations of rights by NYPD officers and encouraging, allowing and condoning such religious, racial, ethnic and gender discrimination.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1331, in that the claims arise, *inter alia*, under federal law, under 28 U.S.C. § 1343(a), in that the claims arise under laws providing for the protection of civil rights and under 42 U.S.C. § 1983.

2. This Court has subject matter jurisdiction of this case under 28 U.S.C. §1332, as Plaintiff alleges violations of her rights under, *inter alia*, the First, Fourth and Fourteenth Amendments to the United States Constitution.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that this case involves claims brought under the laws of the City and State of New York.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York in that Plaintiff's claims arose in this District, many of the Defendants' actions and omissions complained of occurred in this District.

5. If successful, Plaintiff is entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b).

## PARTIES

6. Plaintiff NAGWA EDRIS is a forty-nine year old Muslim, Arab woman of Egyptian descent, who is a United States citizen.

7. Defendant CITY OF NEW YORK is a municipal entity within New York State that maintains, manages and operates NYPD as one of its municipal departments. The Mayor of the City of New York appoints the Commissioner of the NYPD.

8. Defendant P.O. SAMANTHA GUZMAN (SHIELD NO. 6452) is a member of service of the NYPD.

9. Defendant SGT. AMPARO HERNANDEZ is a member of service of the NYPD.

10. Defendant P.O. JOHN DOE is a member of service of the NYPD whose identity is presently unknown.

11. Defendant P.O. JANE ROE is a member of service of the NYPD whose identity is presently unknown.

12. Defendant BRIAN HALL is a fifty-two year old Caucasian man who, at time of the allegations set forth herein, was a resident of Brooklyn, New York. Defendant BRIAN HALL harassed and assaulted Plaintiff prior to her false arrest.

## STATEMENT OF FACTS

13. Shortly before 9:00am on August 23, 2023, Plaintiff was operating a motor vehicle with her friend in the passenger while Plaintiff was on her way to work. As Plaintiff arrived in the vicinity of 4th Avenue and Senator Street, directly adjacent to a gas station, she began a right turn when her vehicle grazed, at a slow rate of speed, with another vehicle that was double parked on the corner of Senator Street and was blocking any cars from driving down Senator Street.

14. After the collision, Plaintiff's vehicle was positioned in a way that prevented her from moving her vehicle.

15. Accordingly, because neither her vehicle nor the other vehicle appeared to have sustained any damage, Plaintiff asked a man who was seated in the double-parked vehicle to move it from its location to allow for her passage.

16. Instead of complying in a neighborly fashion, the man, Defendant BRIAN HALL, opened his car door, further boxing in Plaintiff's vehicle, and then a woman who

appeared to be a bystander verbally abused Plaintiff in harsh racially-charged language, stating, *inter alia*: "You're a fucking Arab who doesn't know how to drive."

17.  After more than ten minutes of verbal abuse from the man and the seemingly unrelated woman, Nagwa attempted to move her vehicle from its partially boxed in position but she could not do so because Defendant BRIAN HALL had opened his door to prevent her from moving. Defendant BRIAN HALL circled Plaintiff's car while shouting and recording her on his phone without her permission. Then, Defendant BRIAN HALL reached into the driver's side window of Plaintiff's vehicle and pushed his phone towards her, making physical contact with the phone against her face. All the while, the seemingly unrelated woman was standing her front of the car, preventing Plaintiff from leaving, and shouting racial abuse at Plaintiff.

18. Alarmed and frightened, Plaintiff immediately drove away to protect her safety.

19. After having fled about half a block away, Plaintiff parked her car in front of her place of employment, which had been her original destination, and looked around to see where Defendant BRIAN HALL was, realizing for the first time after all the commotion that he had broken her rear window.

20. Plaintiff then called the police and reported that crime.

21. Soon thereafter, a police cruiser arrived on the scene and a police officer, Defendant JOHN DOE, approached her vehicle, asking for her license, registration and insurance.

22.  Plaintiff complied with the officer's request, providing her license, registration and insurance.

23. At some point during the interaction, the police officer then looked the license plate of Plaintiff's vehicle and stated that the police had gotten a call of a hit-and-run involving her vehicle.

24. Plaintiff denied being involved in a hit-and-run, explaining to the police officer that she fled half a block only to protect her safety, after Defendant BRIAN HALL had assaulted and harassed her and had broken her rear window.

25.  Plaintiff further noted that the surveillance camera of the gas station adjacent to where the incident occurred would have been in a position to capture the violence and threatening behavior of Defendant BRIAN HALL on video and implored the police officer to review that footage.

26. The police officer went to the gas station and returned shortly thereafter, stating that he had reviewed the footage and that it demonstrated the events had unfolded as Plaintiff had described.

27. Plaintiff then pointed out Defendant BRIAN HALL to the police officer as the perpetrator of the assault and damage to her vehicle.

28. After identifying Defendant BRIAN HALL, Plaintiff was escorted back to her place of employment by the officer.

29. Ten minutes later, NYPD Officers returned to Plaintiff's place of employment and forcibly and unnecessarily removed her from her place of employment in in full view of her co-workers, loudly announcing that she was under arrest while leaving Plaintiff humiliated and in shock. Although two officers were already arresting Plaintiff at this time, Defendant SGT. AMPARO HERNANDEZ joined in outside the place of employment, shouting at one of the officers to put handcuffs on Plaintiff. He was shouting loudly at one of the arresting officers: "ARREST HER! ARREST HER!"

30. The NYPD Officers then transported Plaintiff by police vehicle to the 68th Precinct stationhouse for arrest processing at that command.

31. While in custody, Defendant P.O. SAMANTHA GUZMAN (SHIELD NO. 6452) told Plaintiff that she had been arrested because her license was suspended.

32. Soon thereafter, during arrest processing under arrest number K23643051, Defendant SAMANTHA GUZMAN took Plaintiff to a room took Plaintiff to a room where they forced her to take off her hijab and shoes and subjected her to a full body search ("strip search") while Plaintiff wept profusely.

33. Prior to the forced removal of her hijab and the strip search, while handcuffed to a chair, Plaintiff explained to the officers how removal of her hijab and a strip search were an affront to her Muslim religion yet they ignored her, making no accommodations whatsoever.

34. After the strip search was completed and Plaintiff had removed her hijab, Plaintiff sincerely pleaded to Defendant SAMANTHA GUZMAN to keep the door closed. However, Defendant SAMANTHA GUZMAN said she could not do that, opening the door immediately thereafter. Defendant SAMANTHA GUZMAN then took Plaintiff's hijab pin and the hair clip from Plaintiff, telling Plaintiff she was not allowed to have those items.

35. After the forced removal of her hijab and the strip search, Plaintiff again asked Defendant SAMANTHA GUZMAN to close the door because her hijab had been removed and she was in plain view of other people in the precinct, including male police officers and male prisoners. Defendant P.O. SAMANTHA GUZMAN (SHIELD NO. 6452) refused to do so, offering no explanation for refusing Plaintiff's reasonable request for an accommodation of Plaintiff's religion, dignity and privacy.

36. At this time, Defendant JOHN DOE, entered the room where Plaintiff was handcuffed and saw her without her hijab. He questioned Defendant SAMANTHA GUZMAN about why she had removed Plaintiff's hijab and told her to give the hijab back to Plaintiff. Defendant SAMANTHA GUZMAN apathetically gave the hijab back to Plaintiff, but Plaintiff's hand was handcuffed so she was unable to properly affix the

hijab and, additionally, Defendant SAMANTHA GUZMAN refused to give Plaintiff back the pin and hair clip, knowing that giving her back the hijab without these items would be completely futile.

37. Exacerbating the situation, Defendant P.O. SAMANTHA GUZMAN (SHIELD NO. 6452) took Plaintiff out of the room, still without her hijab, and processed her finger-prints in full view of everyone in the 68th Precinct stationhouse, including male police officers and male prisoners.

38. As Plaintiff was being paraded around the precinct by Defendant SAMANTHA GUZMAN, another female officer who saw Plaintiff without her shoes and hijab, appeared to be shocked by what see was seeing, and berated Defendant SAMANTHA GUZMAN, and demanding to know: "How could you let her walk without the hijab?". That other female officer then immediately apologized to Plaintiff, and asked Plaintiff to accompany her to the camera room. While the other female officer did this, she made an effort to cover Plaintiff with her back so that she could not be seen by onlookers.

39. Around the time Plaintiff was released from custody with a desk appearance ticket ("DAT") at approximately 12:30pm, NYPD Officers informed her that her license had been suspended for a year and a half due to an insurance lapse. Plaintiff responded that the insurance card she had produced during the pre-arrest car stop proved that her insurance was, in fact, valid.

40. The effect of the terrifying incident involving Defendant BRIAN HALL, Plaintiff's subsequent humiliating arrest in front of her co-workers and the NYPD Officers' de-liberate and degrading disregard of her religion, dignity and privacy at the 68th Precinct stationhouse have caused Plaintiff to experience depression, stress and anxiety. Plain-tiff has sought and has begun receiving psychological counseling for these conditions.

41.  Plaintiff is still treating for these psychological and emotional injuries.

42.  On September 21, 2023, Plaintiff received a letter from the Office of the Kings County District Attorney's Office ("DA") indicating that the DA was declining to prosecute the case.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
### (DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1983)

43.  Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

44.  All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

45.  All of the aforementioned acts deprived Plaintiff NAGWA EDRIS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

46.  The acts complained of were carried out by the aforementioned individual defendants, with the exception of individual defendant BRIAN HALL, in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

47.  The acts complained of were carried out by the aforementioned individual defendants, with the exception of individual defendant BRIAN HALL, pursuant to the customs, usages, policies, practices, procedures, and the rules of defendant CITY OF NEW YORK and the New York City Police Department, all under the supervision of rank-ings officers of said department.

48.  Defendants P.O. SAMANTHA GUZMAN (SHIELD NO. 6452), SGT. AMPARO HERNANDEZ, P.O. JOHN DOE and P.O. JANE ROE (collectively, "NYPD Defendants"), collectively and individually, while acting under color of state law, engaged in

conduct that constituted a custom, usage, practice, policy, procedure or rule of the respective municipality, which is forbidden by the Constitution of the United States.

49. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the NYPD Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(FALSE ARREST/UNLAWFUL IMPRISONMENT UNDER 42 U.S.C. § 1983 -**
**<u>AGAINST THE NYPD DEFENDANTS</u>)**

50. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

51. The NYPD Defendants detained and arrested Plaintiff NAGWA EDRIS without probable cause, causing her to be deprived of her liberty against her will for an extended and signficant period of time.

52. The NYPD Defendants caused Plaintiff NAGWA EDRIS to be falsely arrested and unlawfully imprisoned.

53. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**

**(VIOLATION OF EQUAL PROTECTION CLAUSE UNDER 42 U.S.C. § 1983**
**- <u>AGAINST THE NYPD DEFENDANTS</u>)**

54. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

55. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution prohibits governments from applying or passing laws that target or otherwise treat similarly situated individuals differently on the basis of certain protected classes including, but not limited to, an individual's race, ethnicity, religion and gender. Specifically, the equal protection clause states that: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

56. The NYPD Defendants denied Plaintiff NAGWA EDRIS equal protection under the law based on her race, ethnicity, gender and religion.

57. The NYPD Defendants denied Plaintiff NAGWA EDRIS equal protection under the law, based on her identity as a Muslim, Arab woman of Egyptian descent, by arresting her without probable cause, by arresting her with deliberate indifference to the existence of probable cause through the failure to investigate that issue and/or performing a subpar investigation thereof, by arresting her in an unnecessarily public manner at her place of employment in front of co-workers, by forcing her to remove her hijab in public and by failing to honor her reasonable request for accommodation of her Muslim religion.

58. The dismissive, degrading and callous manner in which the NYPD Defendants treated Plaintiff NAGWA EDRIS constitutes disparate treatment, as the NYPD Defendants would not have treated Plaintiff in that manner had she been a U.S.-born, Christian, white male.

59. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages

against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(VIOLATION OF FIRST AMENDMENT UNDER 42 U.S.C. § 1983 -**
**<u>AGAINST THE NYPD DEFENDANTS</u>)**

60. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

61. The First Amendment to the U.S. Constitution prohibits governments from, *inter alia*, prohibiting the free exercise of religion. Specifically, the equal protection clause states that: "*Congress shall make no law respecting an establishment of religion, or <u>prohibiting the free exercise thereof</u>*; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.." U.S. Const. Amend. I. (emphasis added).

62. Here, the NYPD Defendants denied Plaintiff NAGWA EDRIS the free exercise of her Muslim religion.

63. The NYPD Defendants denied Plaintiff NAGWA EDRIS the free exercise of her Muslim religion by forcing her to remove her hijab in public and by failing to honor her reasonable request for accommodation of her Muslim religion.

64. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983 -
## <u>AGAINST THE NYPD DEFENDANTS</u>)

65. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

66. The NYPD Defendants had an affirmative duty to intervene on behalf of Plaintiff NAGWA EDRIS, whose constitutional rights were being violated in their presence by fellow officers.

67. The NYPD Defendants failed to prevent the unlawful conduct described herein.

68. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983 - AGAINST
## <u>THE NYPD DEFENDANTS</u>)

69. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

70. The supervisory defendants personally caused Plaintiff NAGWA EDRIS constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

71. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 – AGAINST
### <u>DEFENDANT CITY OF NEW YORK</u>)

72. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

73. The NYPD Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, policy, practice, procedure or rule of the respective municipality, which is forbidden by the Constitution of the United States.

74. The aforementioned customs, usages, policies, practices, procedures, and the rules of the City of New York and the New York City Police Department ("NYPD") included, but were not limited to arresting individuals for allegedly operating motor vehicles without valid drivers' licenses, based on alleged insurance lapses, where such individuals maintained valid drivers' licenses and where there was a deliberate failure to recognize the absence of probable cause for arrest, or conscious indifference to the the absence of probable cause for arrest, based on the failure to investigate.

75. The aforementioned customs, usages, policies, practices, procedures, and the rules of the City of New York and the NYPD also included, but were not limited to failing to respect, honor and protect the religious freedom and practices of Muslim women and, as a result, failing to provide reasonable accommodations during arrest processing by allowing Muslim women within NYPD custody to retain their hijabs on their heads and/or by failing to sequester Muslim women in areas where they would not be visible to men whenever they are without hijabs on their heads.

76. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of Plaintiff NAGWA EDRIS's rights, as

described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff NAGWA EDRIS.

78. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff NAGWA EDRIS, as alleged herein.

79. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and NYPD were the moving force behind the constitutional violations suffered by Plaintiff NAGWA EDRIS, as alleged herein.

80. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and NYPD, Plaintiff NAGWA EDRIS was detained and arrested without probable cause.

81. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff NAGWA EDRIS.

82. All of the foregoing acts by defendants deprived Plaintiff NAGWA EDRIS of federally protected rights, including, but not limited to, the right: to be free from seizure and arrest not based on probable cause.

83. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages

against the NYPD Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## SUPPLEMENTAL STATE LAW CLAIMS

84. Plaintiff NAGWA EDRIS duly incorporates and reiterates each and every paragraph above as though fully set forth herein.

85. Within ninety (90) days after the claim herein accrued, Plaintiff NAGWA EDRIS duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under General Municipal Law § 50-e.

86. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

87. This action was commenced within one (1) year and ninety (90) days after the causes of action herein first accrued.

88. Plaintiff NAGWA EDRIS has duly complied with all conditions precedent to maintaining the instant action.

89. This action falls within one or more of the exceptions outlined in CPLR § 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR LIABILITY
## (NYPD DEFENDANTS)

90. Plaintiff incorporates and reiterates each and every paragraph above as thoughfully set forth herein.

91. At all relevant times, Defendants P.O. SAMANTHA GUZMAN (SHIELD NO. 6452), SGT. AMPARO HERNANDEZ, P.O. JOHN DOE and P.O. JANE ROE were employees of the CITY OF NEW YORK.

92. At all relevant times, Defendants P.O. SAMANTHA GUZMAN (SHIELD NO. 6452), SGT. AMPARO HERNANDEZ, P.O. JOHN DOE and P.O. JANE ROE were

acting within the scope of their employment through their actions and omissions directed at Plaintiff NAGWA EDRIS.

93. Defendant CITY OF NEW YORK is liable to Plaintiff NAGWA EDRIS for the aforementioned acts and omissions of Defendants P.O. SAMANTHA GUZMAN (SHIELD NO. 6452), SGT. AMPARO HERNANDEZ, P.O. JOHN DOE and P.O. JANE ROE under the doctrine of *respondeat superior*.

94. By virtue of the above, Plaintiff NAGWA EDRIS has suffered actual damages and is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the NYPD Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
**(FALSE ARREST UNDER THE LAWS OF THE STATE OF NEW YORK AGAINST ALL DEFENDANTS)**

95. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

96. The NYPD Defendants arrested Plaintiff NAGWA EDRIS without probable cause.

97. Plaintiff NAGWA EDRIS was detained against her will for an extended and signficant period of time and subjected to physical restraints.

98. As a result of the aforementioned conduct, Plaintiff NAGWA EDRIS was unlawfully imprisoned in violation of the laws of the State of New York.

99. As a result of the aforementioned conduct, Plaintiff NAGWA EDRIS suffered physical and mental injury, together with embarassment, humiliation, shock, fright and loss of freedom.

100. The NYPD Defendants caused the wrongful arrest of Plaintiff NAGWA EDRIS. Defendant CITY OF NEW YORK.

101. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages

against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees.

## AS AND FOR A TENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (ALL INDIVIDUAL DEFENDANTS)

102. Plaintiff incorporates and reiterates each and every paragraph above as thoughfully set forth herein.

103. Defendant BRIAN HALL and the NYPD Defendants engaged in extreme and outrageous conduct towards Plaintiff NAGWA EDRIS to her detriment.

104. Defendant BRIAN HALL and the NYPD Defendants, through their extreme and outrageous conduct towards Plaintiff, each individually demonstrated an intent to cause, or disregard of a substantial probability of causing, severe emotional distress in Plaintiff NAGWA EDRIS.

105. The extreme and outrageous conduct of Defendant BRIAN HALL and the NYPD Defendants towards Plaintiff directly caused her severe emotional distress.

106. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (VIOLATION OF EQUAL PROTECTION UNDER THE NEW YORK
### STATE CONSTITUTION – NYPD DEFENDANTS)

107. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

108. The New York State Constitution, including the equal protection clause thereof, Article 1, Section 11, and the 2024 New York State Equal Rights Amendment thereof, protects people from discrimination and unequal treatment based on, *inter alia*, race, color, ethnicity, national origin, age, disability, creed, religion and sex.

109. Here, the NYPD Defendants violated the rights of Plaintiff NAGWA EDRIS under the New York State Constitution based on her race, ethnicity, gender and religion.

110. The NYPD Defendants denied Plaintiff NAGWA EDRIS equal protection under the New York State Constitution, based on her identity as a Muslim, Arab woman of Egyptian descent, by arresting her without probable cause, by arresting her with deliberate indifference to the existence of probable cause through the failure to investigate that issue and/or performing a subpar investigation thereof, by arresting her in an unnecessarily public manner at her place of employment in front of co-workers, by forcing her to remove her hijab in public and by failing to honor her reasonable request for accommodation of her Muslim religion.

111. The dismissive, degrading and callous manner in which the NYPD Defendants treated Plaintiff NAGWA EDRIS constitutes discrimination and unequal treatment, as the NYPD Defendants would not have treated Plaintiff in that manner had she been a U.S.-born, Christian, white male.

112. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
**(VIOLATION OF FREEDOM OF RELIGION UNDER THE NEW YORK STATE CONSTITUTION – NYPD DEFENDANTS)**

113. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

114. Article I, Section 3 of the New York State Constitution guarantees all people the freedom of religion without discrimination or preference.

115. Here, the NYPD Defendants denied Plaintiff NAGWA EDRIS the free exercise of her Muslim religion and, in so doing, violated Article I, Section 3 of the New York State Constitution.

116. The NYPD Defendants denied Plaintiff NAGWA EDRIS the free exercise of her Muslim religion, *inter alia*, by forcing her to remove her hijab in public and by failing to honor her reasonable request for accommodation of her Muslim religion.

117. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## (VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW – AGAINST NYPD DEFENDANTS)

118. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

119. Defendants violated the rights of Plaintiff NAGWA EDRIS under New York City Administrative Code § 8-801 through 8-807, the New York City Human Rights Law ("NYCHRL").

120. Defendant CITY OF NEW YORK is liable as the employer of the NYPD Defendants under New York City Administrative Code § 8-803(b).

121. Qualified immunity is not a defense to this claim.

122. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ATION**
**NEGLIGENT SCREENING, HIRING AND RETENTION**

123. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

124. At all relevant times, the NYPD Defendants were employees of the CITY OF NEW YORK.

125. Defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the NYPD Defendants, who conducted and participated in the arrest of Plaintiff NAGWA EDRIS.

126. Defendant CITY OF NEW YORK knew or should have known, in the exercise of reasonable care, of the propensities of the NYPD Defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

127. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
**NEGLIGENT TRAINING & SUPERVISION**

128. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

129. At all relevant times, the NYPD Defendants were employees of the CITY OF NEW YORK.

130. Defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the NYPD Defendants, who conducted and participated in the aforementioned acts of misconduct towards Plaintiff NAGWA EDRIS.

131. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
### <u>BATTERY</u>
### (DEFENDANT BRIAN HALL)

132. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

133. On August 23, 2023, Defendant BRIAN HALL pushed his phone against the face of Plaintiff NAGWA EDRIS.

134. The physical actions in which Defendant BRIAN HALL engaged towards Plaintiff NGWA EDRIS were intentional.

135. The physical actions in which Defendant BRIAN HALL engaged towards Plaintiff NGWA EDRIS were offensive.

136. The physical actions in which Defendant BRIAN HALL engaged towards Plaintiff NGWA EDRIS were harmful to Plaintiff.

137. The physical actions in which Defendant BRIAN HALL engaged towards Plaintiff NGWA EDRIS were without Plaintiff's consent.

138. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
**ASSAULT**
**(DEFENDANT BRIAN HALL)**

139. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

140. On August 23, 2023, Defendant BRIAN HALL pushed his phone towards the face of Plaintiff NAGWA EDRIS.

141. The physical actions in which Defendant BRIAN HALL engaged towards Plaintiff NGWA EDRIS were intentional.

142. The physical actions in which Defendant BRIAN HALL engaged towards Plaintiff caused Plaintiff to reasonably experience fear and the apprehension of an imminent battery.

143. The physical actions in which Defendant BRIAN HALL engaged towards Plaintiff NGWA EDRIS were without Plaintiff's consent.

144. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTEENTH CAUSE OF ACTION**
**HARASSMENT**
**(DEFENDANT BRIAN HALL)**

145. Plaintiff incorporates and reiterates each and every paragraph above as though fully set forth herein.

146. On August 23, 2023, Defendant BRIAN HALL pushed his phone towards the face of Plaintiff NAGWA EDRIS.

147. The physical actions in which Defendant BRIAN HALL engaged towards Plaintiff NGWA EDRIS were unwanted and severe.

148. Defendant BRIAN HALL directed his physical actions towards Plaintiff NAGWA EDRIS in order to annoy her as a woman of the Muslim faith.

149. The physical actions in which Defendant BRIAN HALL engaged towards Plaintiff NGWA EDRIS were without Plaintiff's consent and were personally offensive to her, as they would be to any reasonable person.

150. As a result of the foregoing, Plaintiff NAGWA EDRIS is entitled to compensatory damages, in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## JURY DEMAND

151. Plaintiff NAGWA EDRIS hereby demands a trial by jury on all issues pursuant to the Seventh Amendment to the U.S. Constitution and CPLR § 4102(a).

## REQUEST FOR RELIEF

WHEREOF, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

A.   full and fair compensatory damages in an amount to be determined by a jury;

B.   punitive damages against the individual defendants in an amount to be determined by a jury;

C.   reasonable attorneys' fees and costs and disbursements of this action; and

D.   such other and further relief that this Court may deem just, equitable and proper.

Dated: Queens, New York
       November 20, 2024

                    Respectfully submitted,

                    Karl J. Ashanti, Esq.
                    Musa-Obregon Law,
                    P.C.
                    *Attorneys for Plaintiff*
                    NAGWA EDRIS
                    55-21 69th Street, 2nd Floor
                    Maspeth, NY 11378
                    (718) 803-1000
                    K.ashanti@musa-obregon.com